Helen S. **CARDWELL**, Administratrix of the Estate of Winfred M. Cardwell, Deceased, Plaintiff-Appellee,

v.

The **CHESAPEAKE & OHIO RAILWAY CO.**, Defendant-Appellant.

No. 73-1904.

United States Court of Appeals, Sixth Circuit.

Decided Oct. 17, 1974.

James L. O'Connell, Cincinnati, Ohio, for defendant-appellant.

Philip J. Schneider, Waite, Schindel, Bayless & Schneider, Cincinnati, Ohio, Wm. H. DeParcq, O. C. Adamson, II, DeParcq, Anderson, Perl & Hunegs, Minneapolis, Minn., for plaintiff-appellee.

Before EDWARDS, McCREE and MILLER, Circuit Judges.

McCREE, Circuit Judge.

This is an appeal from an order overruling a reserved motion for a directed verdict in a Federal Employers' Liability Act (FELA) action, 45 U.S.C. § 51 et seq., to recover damages for injury and for wrongful death. The jury awarded $10,500, adjusted for contributory negligence, on the claim for injury, but was unable to decide whether death was caused by the injury. This appeal requires us to decide whether there was sufficient competent evidence of the causal relationship between the injury and death for the submission of this claim to the jury. We determine that there was.

On August 14, 1969, Winfred M. Cardwell filed a complaint under the FELA alleging that he sustained a back injury while he was employed at defendant's Huntington, West Virginia Diesel Shops on June 27, 1969 when he attempted to close a locomotive cab door that had been left hanging on only its right upper hinge. After the answer was filed and some depositions were taken, a suggestion of plaintiff's death was filed and Cardwell's widow, who had been appointed administratrix of his estate, filed an amended complaint August 6, 1971 in which she alleged that Cardwell's death on January 25, 1971 was the result of the accident pleaded in the original complaint.

In a trial that extended over parts of four days, after decision on a motion for a directed verdict was reserved and defendant submitted its proofs, the case was submitted to the jury upon instructions requiring separate verdicts on the claim for injury and lost wages during Cardwell's lifetime and a verdict on the death claim. The jury found that the accident on June 22, 1969 resulted in part from the negligence of both Cardwell and the railroad and assessed damages at $10,500. It advised the court that it could not agree whether Cardwell's death resulted from defendant's negligence.

Appellant filed a motion for judgment notwithstanding the absence of a verdict on the wrongful death claim and a motion for judgment n. o. v. or for a new trial on the claim for injury. On May 25, 1973, the district court entered judgment on the verdict of $10,500 and overruled both motions, but certified, at defendant's request that "Whether or not there was sufficient medical evidence of the causal relationship between the accident claimed to have been sustained by

the plaintiff's decedent and the death of the said decedent to warrant submission of such issue to the jury" involved "a controlling question of law as to which there is substantial ground for difference of opinion" and that an immediate appeal from the order overruling the motion for judgment notwithstanding the absence of a verdict "may materially advance the ultimate termination of this litigation."

Our Court, one judge dissenting, permitted the appeal to be taken in an order entered July 6, 1973.

28 U.S.C. § 1292(b) provides:

(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: . . . .

This provision applies to interlocutory orders that are not otherwise appealable of right and requires the existence of four elements: (1) The question involved must be one of "law"; (2) it must be "controlling"; (3) there must be substantial ground for "difference of opinion" about it; and (4) an immediate appeal must "materially advance the ultimate termination of the litigation."

In considering an application from a defendant in a diversity automobile action, we were asked to review under 28 U.S.C. § 1292(b) the grant of summary judgment determining that a Michigan statute requiring notice within sixty days of injuries caused by defective roads does not apply to actions for wrongful death. We quoted with approval this statement from Milbert v. Bison Laboratories, 260 F.2d 431, 433 (3rd Cir. 1958.)

"It is quite apparent from the legislative history of the Act of September 2, 1958 that Congress intended that section 1292(b) should be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." (Maris, J.)

We observed further in denying the request to permit the appeal:

This statute was not intended to authorize interlocutory appeals in *ordinary suits for personal injuries or wrongful death that can be tried and disposed of on their merits in a few days.* Haraburda v. United States Steel Corp., 187 F.Supp. 86, 94 (W.D. Mich). (emphasis supplied).

The granting of an interlocutory appeal in the present case would not "materially advance the ultimate termination of the litigation." Many months would be required before the case would be reached for argument on the congested docket of this court. If we grant the appeal and then should affirm the order of the district court based upon the opinion published in 236 F.Supp. 677, the case then would be remanded to the district court for trial on its merits.

On the other hand, it would appear that only a few days would be required for a jury trial and final disposition of the case in the district court. This procedure, which would avoid a piecemeal appeal, is preferable except in the extraordinary type of case contemplated by § 1292(b). (Phillips, J.) Krause v. Board of County Road Commissioners, 364 F.2d 919, 922 (6th Cir. 1966).

Appellant's brief contains the following statement of the question certified as a controlling question of law:

In a wrongful death action under the Federal Employers' Liability Act, in

which the plaintiff's decedent died as a result of a myocardial infarction occurring approximately nineteen months after a twisting back injury, whether it is error to refuse to direct a verdict in favor of the defendant on the wrongful death claim where the only testimony concerning the re-appearance after such accident of conditions of anxiety, depression and alcoholism in the plaintiff's decedent (from which conditions he had suffered periodically for many years prior thereto) came from the decedent's widow, a lay person, in the form of conclusions; where the only medical witness sustaining the causal relationship between the accident and the myocardial infarction assumed the presence of such conditions of anxiety, depression and alcoholism between the accident and the myocardial infarction and used such conditions as an indispensable step in his testimony on causation; and where the testimony of such sole medical witness included his admissions that opposite circumstances and conditions could have caused a myocardial infarction and that he could not rule out anything that had ever happened to the decedent as a cause of his myocardial infarction.

This appears to be precisely the kind of ordinary suit for personal injuries or wrongful death that can be tried and disposed of on its merits within a few days and that we said in *Krause, supra,* should not be considered on interlocutory appeal. In fact the question in *Krause,* whether a statutory requirement to give notice of a highway defect applies in wrongful death actions, is more properly a controlling question of law than is the issue stated in appellant's brief in this appeal. In *Krause,* the application, *vel non,* of the statute had to be decided for resolution of the litigation. In this appeal, it is possible that on retrial the state of the evidence at the close of plaintiff's case may not present the same question of sufficiency for submission to the jury. In that event, we will have rendered only an advisory opinion.

Nevertheless, we have permitted the appeal, and to expedite the ultimate conclusion of this litigation, we consider the issue presented.

Specifically, appellant contends that Cardwell's wife, a lay person, was incompetent to testify that from the date of the accident until her husband's death, he suffered from "emotional stresses of anxiety, depression, [and] resentment." It was on the basis of this testimony that appellee's medical expert witness (contrary to the testimony of appellant's expert witnesses) opined that these factors "played a dominant role in the aggravation of pre-existing coronary arteriosclerosis and played a dominant role in the precipitation of myocardial infarction and the ventricular fibrillation and the cause of his death."

Appellant contends that Ohio law should have governed the question of the admissibility of medical opinion evidence even though the action was brought under the Federal Employers' Liability Act. It relies for support of this contention on Fed.R.Civ.P. 43(a) that provides:

> All evidence shall be admitted which is admissible under the statutes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held. In any case, the statute or rule which favors the reception of the evidence governs and the evidence shall be presented according to the most convenient method prescribed in any of the statutes or rules to which reference is herein made. The competency of a witness to testify shall be determined in like manner.

It asserts that there is no federal precedent permitting the hypo-

thetical question put to appellant's expert medical witness, and concludes that the law of Ohio, which it claims would exclude the inquiry, should therefore govern. It cites in support of this contention Padgett v. Southern R. Co., 396 F.2d 303 (6th Cir. 1968), as authority for the proposition that state law controls what medical testimony is admissible. We do not understand *Padgett* to stand for this proposition. *Padgett* holds only that "*One* of the bases of admissibility of evidence in the federal courts is that the evidence is admissible 'under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held.'" (emphasis supplied). 396 F.2d 303, 307. This is a correct statement of the law and it was applied in that case in furtherance of the policy of Rule 43(a) favoring the reception of evidence.

We find appellant's other asserted authority for choice of the rule for admissibility of evidence equally unpersuasive. That case, Teti v. Firestone Tire and Rubber Company, 392 F.2d 294 (6th Cir. 1968) was a diversity case in which it was recognized, appropriately in rejecting cited authority, that an FELA case is governed exclusively by federal law, and that state rules of evidence are inapplicable.

Federal precedent for the admission of the evidence received in this case is not lacking. In Equitable Life Assur. Soc. v. Bomar, 106 F.2d 640, 643 (6th C. C.A., 1939) witnesses who associated with and personally observed the appearance, manner, habits and conduct of a decedent were permitted to testify over objection that: ". . . his physical condition was very poor . . .; his mind wasn't active . . .; he couldn't go into any lengthy matters that required any time, or anything like that . . . . ."

 We hold that whether a witness with adequate opportunity of observation of a person may express an opinion about his physical or mental condition is committed to the discretion of the trial court and that its discretion will not be disturbed unless abused. *See* Spitzer v. Stichman, 278 F.2d 402 (2d Cir. 1960).

■ Accordingly, although we regard the proofs on the causal relationship between Cardwell's death and the accident as very close to the minimum quantum. we determine that no error was committed in submitting the question to the jury.

We decline to consider the other issues briefed by appellant because they were not certified to us as controlling questions of law and there is no substantial assurance that they will recur in the event of a retrial of the death claim.

Affirmed.