### In re PLEASANT VIEW UTILITY DISTRICT OF CHEATHAM COUNTY, TENNESSEE.

### No. 279.

United States District Court, M.D. Tennessee, Nashville Division.

Nov. 12, 1982.

---

Maclin P. Davis, Jr., and G. Scott Rayson, Waller, Lansden, Dortch & Davis, Nashville, Tenn., for Paul Mountcastle.

Cecil D. Branstetter, and Carrol D. Kilgore, Branstetter, Kilgore & Stranch, Nashville, Tenn., for Pleasant View Utility Dist. of Cheatham County, Tenn.

## MEMORANDUM

MORTON, Chief Judge.

This matter came to be heard on October 27, 1982, upon creditor Paul Mountcastle's motion for leave to appeal. Mountcastle would, by interlocutory appeal, have this court overturn the Bankruptcy Court's ruling that the debtor, Pleasant View Utility District of Cheatham County, is qualified to file a Chapter 9 bankruptcy petition. Jurisdiction is alleged pursuant to 28 U.S.C. § 1334(b),[1] and is not controverted here. Nevertheless, the parties do not agree upon the appropriate standard to be applied in determining whether an appeal should be allowed at this stage.

Although jurisdiction over appeals from interlocutory orders is statutorily founded, it is and has always been clear that the procedure itself is grounded firmly in policy considerations. In sum, it has been recognized that when a substantially debatable and decisive principle of law appears in a case, the interests of justice can in certain instances be served by taking up the crucial legal issue on appeal. To a large extent, considerations of "judicial economy" are at work in this area, along with recognition that parties can be saved much time, effort, and accompanying expense. Mountcastle has properly emphasized these factors.

In the absence of authority directly on point, this court would be hard put to distinguish interlocutory appeals in bankruptcy matters from interlocutory appeals elsewhere. Appeals to the courts of appeals from interlocutory decisions of a district court are allowed under the following standard:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order . . . .

28 U.S.C. § 1292(b). Notwithstanding the lack of any indication by the bankruptcy judge to the effect that he deemed an appeal appropriate in this case, Mountcastle urges upon this court other aspects of the standard found in § 1292(b). That is to say, Mountcastle argues that this court should look only to determine whether there exists "a controlling question of law as to which there is substantial ground for difference of opinion" and whether "an immediate appeal from the order may materially advance the ultimate termination of the litigation."

The jurisdictional provision relied upon here provides simply that "[t]he district courts . . . shall have jurisdiction of appeals from interlocutory orders and decrees of bankruptcy courts, but only by leave of the district court to which the appeal is taken." Pub.L. No. 95–598, Title II, § 238(a), 92 Stat. 2668 (1978) (amending 28 U.S.C. § 1334). That discretion is vested in this court, to be exercised in granting or denying such an appeal, is apparent. The court is willing to presume, for present purposes, that the standard set out by Mountcastle presents an appropriate guide for the exercise of such discretion.

---

1. Although this section, as enacted, is technically to become effective on April 1, 1984, Pub. L.No. 95–598, § 238(a), § 402(b), 83 Stat. 2668, 2682 (1978), the note preceding 28 U.S.C. § 1471 indicates that the cited jurisdictional provision shall be effective during the present "transition period," Pub.L.No. 95–598, Sec. 405, 92 Stat. 2686 (1978).

There can be no doubt that reversal of the bankruptcy judge's order would "materially advance the ultimate termination of the litigation" at issue here. The legal question which is raised is indeed "controlling," and reversal would compel dismissal of the Chapter 9 proceeding altogether. Nevertheless, this court has concluded that leave to appeal should be denied because there is not here presented a question of law as to which there is any substantial ground for difference of opinion. To state the matter otherwise, this court finds that the appeal totally lacks merit.

Mountcastle raises the question whether the debtor here is "generally authorized to be a debtor under [Chapter IX] by state law," as required by 11 U.S.C. § 109(c). The bankruptcy court found, in a rather persuasive opinion, that the debtor is so authorized by Tennessee law. This court has but few observations to add.

Aside from the general implementing powers granted the debtor under section 7–82–306 of the Tennessee Code Annotated, this court would also emphasize the debtor's more specific powers to sue and be sued, to pledge revenues, and otherwise manage its financial affairs under section 7–82–304. The obvious intent of the state legislature was to grant utility districts all powers "capable of being delegated by the legislature." Tenn.Code Ann. § 7–82–306 (1980). These provisions represent, at the very least, "general authorization." Section 7–82–107, which provides that "[t]his chapter is complete in itself and shall be controlling," does nothing to detract from powers otherwise granted. Nothing must be "read into" the chapter in order to find the authorization required here. Finally, although Mountcastle points to the remedies available to him under state law, he would overlook the clear indication that relief may be sought "in any court of competent jurisdiction," and that if necessary, "any court having jurisdiction of the action may appoint a receiver to administer said district." Tenn.Code Ann. § 7–82–505 (Supp.1982). The conclusion that a federal bankruptcy court is a "court of competent jurisdiction" is by no means inconsistent with Mountcastle's perceived rights.

In light of the foregoing and upon express adoption of the reasoning employed by the bankruptcy judge, this court holds that the motion for leave to appeal should be denied. An appropriate order will be entered.