### In re SOUTHERN INDUSTRIAL BANK-ING CORPORATION, Debtor.

**Hugh G. ANDERSON and Hazel Anderson, et al., Defendants/Appellants,**

v.

**Thomas E. DUVOISIN, Liquidating Trustee, Plaintiff/Appellee.**

Civ. No. 3–86–800.
Adv. No. 3–83–00372.

United States District Court,
E.D. Tennessee, N.D.

Dec. 17, 1986.

John A. Lucas, Jeffrey Norwood, Knoxville, Tenn., for plaintiff-appellee.

W.C. Myers, Jr. (Lead), Knoxville, Tenn., for defendants-appellants.

## MEMORANDUM

EDGAR, District Judge.

This matter is presently before the Court on an interlocutory appeal from the United States Bankruptcy Court for the Eastern District of Tennessee. The defendants in this action appeal the decision of the bankruptcy court denying a jury trial in this matter. 66 B.R. 370 (1986). The liquidating trustee, the plaintiff, has also filed a number of motions seeking to have several of the defendants' notices of appeal dismissed. For the following reasons, the defendants' motions will be DENIED and the plaintiff's motions will be GRANTED. This Court's jurisdiction is proper under 28 U.S.C. § 158(a) and § 1334(b).

## I.

The proceedings in the bankruptcy court were initiated by the liquidating trustee beginning in early 1984 to recover alleged preferential transfers, pursuant to 11 U.S.C. § 547. The debtor, Southern Industrial Banking Corporation ("SIBC"), an industrial loan and thrift company under T.C.A. §§ 45–5–101—612, filed a voluntary petition in bankruptcy court under Chapter 11 of the Bankruptcy Code on March 10, 1983. The approximately 800 defendants in this consolidated adversary proceeding were "investors" in SIBC who withdrew part or all of their "deposits" during the 90–day period preceding SIBC's Chapter 11 petition filing.

This matter first came before this Court over a year ago to decide whether SIBC was an eligible debtor under 11 U.S.C. § 109(b)(2). By an order dated January 16, 1986, this Court held that SIBC was eligible to be a debtor based on the Court's analysis of SIBC under both the law of the state of incorporation and the Bankruptcy Code. *See* 2 L. King, *Collyer on Bankruptcy* ¶ 109.02 (1985). *See also Cash Currency Exchange, Inc. v. Shine (In re Cash Currency Exchange, Inc.)*, 762 F.2d 542 (7th Cir.), *cert. denied sub nom. Fryzel v. Cash Currency Exchange, Inc.*, — U.S. ——, 106 S.Ct. 233, 88 L.Ed.2d 232 (1985); *First American Bank & Trust Co. v. George*, 540 F.2d 343 (8th Cir.), *cert. denied*, 429 U.S. 1011, 97 S.Ct. 634, 50 L.Ed.2d 620 (1976). Subsequent to this order, a group of defendants asked this Court to amend its January 16, 1986 order to include its certification for interlocutory appeal to the court of appeals as required under 28 U.S.C. § 1292(b). By an order dated February 21, 1986, the Court denied these defendants' certification based on its determination that there was not a "substantial ground for difference of opinion." *Cardwell v. Chesapeake & Ohio Rwy. Co.*, 504 F.2d 444, 446 (6th Cir.1974). The Court also concluded that certification was not justified in the case as it was doubtful whether an immediate appeal would materially advance the ultimate termination of the litigation. The Court found that an interlocutory appeal of the admittedly complicated issues involved, rather than an appeal at the conclusion of the bankruptcy court proceedings, would not expedite the delivery of justice.

Since the February order of this Court, the liquidating trustee has been proceeding with the actions to recover alleged preferences. In their answers to the liquidating trustee's complaints, many of the defendants requested a jury trial in this matter. On September 3, 1985, the bankruptcy court ordered the parties to submit briefs discussing the right to a jury trial in preference actions and discussing whether the bankruptcy court was authorized to conduct a jury trial in such a proceeding. On September 26, 1986, the bankruptcy court denied the defendants' request for a jury trial. The bankruptcy judge ruled that the defendants to this preference action in which the only relief sought was a monetary judgment did not have the right to a jury trial. The court did not reach the second issue as to whether a bankruptcy court has the authority to conduct a jury trial in a core proceeding such as an action to recover a preference.

The bankruptcy court noted in its memorandum that there is no constitutional right to a jury trial in bankruptcy proceedings, given the equitable nature of these proceedings. *Beery v. Turner (In re Beery)*, 680 F.2d 705, 710 (10th Cir.) ("[T]he right to a jury trial in bankruptcy proceedings is purely statutory."), *cert. denied*, 459 U.S. 1037, 103 S.Ct. 449, 74 L.Ed.2d 604 (1982). The bankruptcy court then analyzed the possible statutory sources for the right, including the Constitution as a source. The bankruptcy court first addressed 28 U.S.C. § 1411 which appears to allow jury trials under Title 11 for personal injury or wrongful death tort claims and may possibly permit jury trials in cases involving other types of claims. The court found that this section only applies to cases, unlike the present case, which were filed after the 1984 effective date of the section. Next, the bankruptcy court examined 28 U.S.C. § 1480 but, as this section was im-

plicitly repealed, the court ruled that this section also did not provide the defendants with a right to a trial by jury. *Jacobs v. O'Bannon*, 49 B.R. 763, 766–68 (Bankr.M. D.La.1985). The bankruptcy court concluded, therefore, that any right to a jury trial in this action would have to be founded on the seventh amendment to the Constitution. The court noted that the seventh amendment preserves the right to trial by jury only for certain "suits at common law." The bankruptcy court then proceeded to determine whether a preference action as involved in the present case was such a cause of action. After a lengthy historical discussion, the bankruptcy court concluded that no right to trial by jury attaches in preference actions. *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). The court also found that 28 U.S.C. § 157(b) reflects an implicit congressional intent that preference actions be tried without a jury. *Morgan v. Lefton (In re Hendon Pools of Michigan, Inc.)*, 57 B.R. 801, 803 (E.D.Mich.1986); *Baldwin-United Corp. v. Thompson (In re Baldwin-United Corp.)*, 48 B.R. 49, 56 (Bankr.S.D.Ohio 1985); *Pennels v. Barnes (In re Best Pack Seafood, Inc.)*, 45 B.R. 194 (Bankr.D.Me. 1984).

## II.

█ Before discussing the merits of the defendants' interlocutory appeal, this Court must first address a jurisdictional issue. Appeals from interlocutory orders in bankruptcy cases are governed by 28 U.S.C. §§ 158(a) and 1334(b) and Bankruptcy Rules 8001(b), 8002, and 8003. Bankruptcy Rule 8002(a) provides in relevant part:

> The notice of appeal shall be filed with the clerk of the bankruptcy court within ten days of the date of the entry of the judgment, order, or decree appealed from. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within ten days of the date on which the first notice of appeal was filed, or within the time otherwise

prescribed by this rule, whichever period last expires.

The first notice of appeal in this matter was filed on October 6, 1986, allowing all other parties through October 16, 1986 to file their notice with the bankruptcy court.[1] The time limits contained in the Rules are to be strictly enforced and, accordingly, this Court is without jurisdiction to rule on the motions filed after October 16, 1986. Bankr. Rule 8001(a)-(b). *In re Universal Minerals, Inc.*, 755 F.2d 309, 311 (3d Cir. 1985); *Walker v. Bank of Cadiz (In re LBL Sports Center, Inc.)*, 684 F.2d 410, 412 (6th Cir.1982). Thus, an appropriate order will enter dismissing these late appeals.

## III.

█ 28 U.S.C. § 158(a) provides: "The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings [under Chapter 11]." A final order is an order which ends litigation on merits leaving only the execution of the judgment remaining. *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). *See also Sun Valley Foods Co. v. Detroit Marine Terminals, Inc. (In re Sun Valley Foods Co.)*, 801 F.2d 186, 189 (6th Cir. 1986). Denial of a jury trial may not be characterized as a final order. The Court is aware that "final" has assumed a slightly different meaning for the purpose of bankruptcy matters than in other federal cases. *In re Fox*, 762 F.2d 54 (7th Cir. 1985). However, the denial of a jury trial in this matter did not conclusively determine any controversy, and the defendants have not shown that they will be caused any serious harm by delaying the appeal. *In re Sun Valley Foods*, at 189; *Teleport Oil Co. v. Security Pacific Nat'l Bank (In*

---

1. As Bankruptcy Rule 8002 is an adoption of Rule 4(a) of the Federal Rules of Appellate Procedure, this Court computed the applicable time period under Rule 26 of the Federal Rules of Appellate Procedure. Bankr.Rule 8002 advisory committee note.

re Teleport Oil Co.), 759 F.2d 1376 (9th Cir.1985). By contrast, the granting or denying relief from automatic stays by bankruptcy courts which have been held to be "final" orders reviewable by district courts, see, e.g., In re Sun Valley Foods, involve actions which could not easily be corrected, if needed, on appeal.

As a denial of trial by jury is not a "final" order, the decision whether to grant the defendants' leave to appeal under § 158(a) is left to the discretion of the Court. It has been suggested that such applications for leave to appeal should be liberally granted where review will expedite the case's resolution. Robinson v. Johns-Manville Corp. (In re Johns-Manville Corp.), 45 B.R. 833, 835 (S.D.N.Y. 1984). Considerations of judicial economy and the interest of saving the parties' time and money should also be given weight in this decision. In re Pleasant View Utility Dist. of Cheatham County, 27 B.R. 552, 553 (M.D.Tenn.1982). In view of these policy concerns, the Court finds that review of the bankruptcy court's interlocutory order is not justified. The Court is particularly influenced by the date of the upcoming trial before the bankruptcy judge. Trial is scheduled within the month. Appeal to this Court would necessarily result in a delay of several months.

For additional support for its denial of defendants' request for leave to appeal, the Court also notes the policy favoring the sparing application of § 1292(b) to grant interlocutory appeals. In re April 1977 Grand Jury Subpoenas, 584 F.2d 1366, 1369 (6th Cir.1978), cert. denied sub nom. General Motors Corp. v. United States, 440 U.S. 934, 99 S.Ct. 1277, 59 L.Ed.2d 492 (1979); Cardwell, 504 F.2d at 446. Leave to appeal should be granted "only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation." Cardwell, 504 F.2d at 446 (quoting Milbert v. Bison Laboratories, 260 F.2d 431, 433 (3d Cir.1958)). The statute's use was intended to be reserved for the "extraordinary type of case contemplated by § 1292(b)." Cardwell, 504 F.2d at 446,

(quoting Kraus v. Bd. of County Rd. Comm'rs, 364 F.2d at 922). Rather than permit piecemeal appeal of each bankruptcy court ruling, the Court finds that the interests of justice will be much better served by reserving review of the bankruptcy court proceedings in their entirety at their conclusion.

In addition to these broad concerns, district courts deciding matters under § 158(a) have applied the standards developed in the courts of appeals in deciding whether to allow appeals from interlocutory orders of district courts under 28 U.S.C. § 1292(b). Id.; D'Avella v. MacRae (In re Bertoli), 58 B.R. 992, 995 (D.N.J.1986). 28 U.S.C. § 1292 provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The court of appeals may thereupon, in its discretion permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

12 U.S.C. § 1292(b) (Emphasis provided). While the bankruptcy judge does not certify the matter for appeal under § 158(a), as a district judge must under § 1292(b), the similarity of appeals from the bankruptcy court to the district court and from the district court to the appeals court make the standards under § 1292 reasonable for use in the present action.

In order to appeal an interlocutory order which is not otherwise appealable of right under 28 U.S.C. § 1292, the Sixth Circuit has required the existence of the following four elements:

(1) The question involved must be one of "law";

(2) It must be "controlling";

(3) There must be substantial ground for "difference of opinion" about it; and

(4) An immediate appeal must materially advance the ultimate termination of the litigation.

*Cardwell v. Chesapeake & Ohio Ry. Co.,* 504 F.2d at 446. While the plaintiff contends that the defendants' application for leave flounders on almost all points, there is little doubt that the question of the right to a trial by jury in preference actions is a legal one. It is also clear that the question is "controlling" in that its incorrect disposition amounts to reversible error on appeal. *Katz v. Carte Blanche Corp.,* 496 F.2d 747, 755 (3d Cir.), *cert. denied,* 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974); 16 C. Wright, A. Miller, E. Cooper & E. Gressman *Federal Practice and Procedure* § 3930 at 159 (1977). While this Court is aware of the historical differences of opinion surrounding the right to trial by jury in preference actions, *see McLouth Steel Corp. v. Marblehead Lime Co. (In re McLouth Steel Corp.),* 55 B.R. 357, 360 (E.D.Mich.1985), the Court does not find a substantial ground for dispute such as to require an appeal from the bankruptcy court's interlocutory order. As discussed below, the Court does not find that the defendants involved here would be likely to succeed on appeal of the denial of trial by jury. Finally, the Court does not find that an immediate appeal would materially advance the ultimate termination of this litigation. In point of fact, the Court finds that an interlocutory appeal would not only fail to advance termination of this matter, but it would also contribute to further delay in this already lengthy case.[2] As stated above, the case is presently scheduled to come up for trial before the bankruptcy judge in the Northern Division of the Eastern District of Tennessee in less than one month. Given the very crowded docket of this district court, scheduling of an interlocutory appeal would necessarily delay the resolution of this case for months. *See Kraus v. Bd. of County Rd. Comm'rs.,* 364 F.2d 919, 922 (6th Cir.1966) (denying interlocutory appeal on grounds of avoiding delay and that trial on the merits could be had in a few days). As the Court finds that all four elements of the *Cardwell* test have not been met and in view of the policy concerns outlined above, this Court rules that this matter is not appropriate for an interlocutory appeal under 28 U.S.C. § 158. Defendants' request for leave to appeal their denial of a jury trial is DENIED. An appropriate order will enter.

### IV.

As stated above, as part of the denial of defendants' request for leave to appeal, this Court does not find that the defendants involved in this action will be likely to succeed in proving that they are entitled to a jury trial of this core proceeding. The Court adopts the reasoning of the bankruptcy court with the following amplifications.

The jurisdiction of the bankruptcy courts was specifically addressed by the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("BAFJA"), enacted on July 10, 1984. Under 28 U.S.C. § 157, bankruptcy judges are explicitly permitted to hear and finally determine "core proceedings." 28 U.S.C. § 157(b) provides that:

(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, ... and may enter appropriate orders and judgments, subject to review under section 158 of this title.

(2) Core proceedings include, but are not limited to—

.    .    .    .    .

(F) proceedings to determine, avoid, or recover preferences.

As a core proceeding, an action to recover a preference is properly considered equitable in nature. *In re McLouth Steel Corp.,* 55

---

2. This request for appeal from an interlocutory order is the third in this case.

B.R. at 362. As equitable proceedings, preference actions such as those presented here are within the jurisdiction of the bankruptcy judge to decide. Consistent with the holding of the Supreme Court in *Katchen v. Landy*, 382 U.S. at 336, 86 S.Ct. at 476, no right to a trial by jury attaches in equitable actions. *Jefferson Nat'l Bank v. I.A. Durbin, Inc. (In re I.A. Durbin, Inc.)*, 62 B.R. 139 (S.D.Fla.1986); King, *Jurisdiction and Procedure Under the Bankruptcy Amendments of 1984*, 38 Vand.L.Rev. 675, 704 (1985) ("[T]here is no right to a jury trial in core proceedings."). The fact that some of the several hundred preference actions may have been filed before the BAFJA was enacted does not change this Court's holding. The recovery of preferences is a matter traditionally considered within the equitable powers of the bankruptcy court to which no right to trial by jury attaches. *Katchen*, 382 U.S. at 336–39, 86 S.Ct. at 476–78; *Curtis v. Loether*, 415 U.S. 189, 195, 94 S.Ct. 1005, 1008, 39 L.Ed.2d 260 (1974) ("[T]he [*Katchen*] Court recognized that a bankruptcy court has been traditionally viewed as a court of equity, and that jury trials would 'dismember' the statutory scheme of the Bankruptcy Act." (citing *Katchen*, 382 U.S. at 339, 86 S.Ct. at 478)). *In re Hendon Pools of Mich., Inc.*, 57 B.R. at 803; *Reda, Inc. v. Harris Trust & Savings Bank, (In re Reda, Inc.)*, 60 B.R. 178, 180–81 (Bankr.N.D.Ill.1986).

## V.

■ As a final matter, this Court will address defendants' motion for a stay of trial proceedings in bankruptcy court pending appeal of defendants' right to a jury trial, filed December 4, 1986. Bankruptcy Rule 8005, governing the procedures for a motion for stay pending appeal of a bankruptcy court order, states in relevant part:

A motion for a stay of the judgment, order, or decree of a bankruptcy court ... or for other relief pending appeal must ordinarily be made in the first instance in the bankruptcy court..... A motion for such relief, or for modification or termination of relief granted by the bankruptcy court may be made to the district court ..., but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy court.

Defendants maintain that they made an oral motion at a November 18, 1986 pretrial conference for a stay of the trial proceedings. This request was summarily denied, according to the defendants, and a January 1987 trial date was set. The plaintiff maintains that no defendants' attorney moved the bankruptcy court for an order staying the trial court's order setting the case for trial. The defendants now contend that the alleged denial of their motion for a stay was an abuse of discretion or an error.

As the Court has now either ordered the dismissal or denial of the defendants' requests for leave to appeal the denial of a trial by jury in this matter, the defendants' motion for a stay of trial proceedings in bankruptcy court pending the resolution of their appeal to this Court is now MOOT. In view of this Court's holding that there is no appeal in this matter, there is no reason presently before this Court requiring the delay of the bankruptcy court trial. Accordingly, defendants' motion for a stay will be DENIED. An appropriate order will enter.