In the Matter of HENDON POOLS OF MICHIGAN, INC., Debtor,

In the Matter of LIFETIME POOLS, INC., Debtor.

June MORGAN, Trustee, Plaintiff/Appellee,

v.

Debbie Golds LEFTON; Sidney Golds and Sylvia Golds, jointly, severally, jointly and severally, or as their liabilities appear, Defendants/Appellants.

Bankruptcy Nos. 82–00637–B, 82–00638–B.
Adv. No. 83–1964.
No. 85–CV–3716–DT.

United States District Court, E.D. Michigan S.D.

Jan. 28, 1986.

---

**802**

David D. Murphy, Michael H. Traison, Hertzberg, Jacob & Weingarten, Detroit, Mich., for plaintiff/appellee.

Wallace H. Glendening, Carol A. Osborne, Jaffee, Snider, Raitt & Heuer, Detroit, Mich., for defendants/appellants.

## MEMORANDUM OPINION AND ORDER

PHILIP PRATT, District Judge.

Hendon Pools of Michigan, Inc. ("Hendon") and Lifetime Pools, Inc. ("Lifetime") filed bankruptcy petitions under Chapter 11 of the Bankruptcy Code on February 8, 1982, which were later converted to proceedings pursuant to Chapter 7 of the Bankruptcy Code. On January 30, 1983, the trustee in bankruptcy filed a ten-count complaint against Debbie Golds Lefton, Sidney Golds and Sylvia Golds, seeking to recover alleged preferential transfers, fraudulent conveyances and accounts receivable. Sidney Golds is the president, chairperson of the Board and sole shareholder of Hendon and Lifetime. Sylvia Golds and Debbie Golds Lefton are the wife and daughter of Sidney Golds and are officers of Hendon and Lifetime.

The defendants demanded a jury trial on all of the trustee's claims and moved to have the bankruptcy court withdraw the reference of the action in order to have the issues tried by jury in district court. The trustee moved to strike the jury demand. The bankruptcy court granted defendant's demand for a jury trial on Count Eight (to recover accounts receivable) and denied the jury demand on the remaining counts involving preferential transfers and fraudulent conveyances. Defendants appeal from

this ruling, this court granting leave pursuant to 28 U.S.C. § 158(a).

The court must first determine if the defendants have a statutory right to a jury trial and, if not, if the denial of that right comports with the seventh amendment of the United States Constitution. The right to a jury trial in bankruptcy proceedings has been severely restricted by the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("B.A.F.J.A.")[1] Prior to the B.A.F.J.A., the right to a jury trial was controlled by 28 U.S.C. § 1480, which rather ambiguously retained the right to a jury trial in bankruptcy proceedings as it existed on September 30, 1979. This section proved to be fertile ground for judicial dispute.[2] The B.A.F.J.A. repealed Section 1480, albeit in an inartful manner. *In Re O'Bannon*, 49 B.R. 763 (Bkrptcy.D. La.1985); *In Re Bokum Resources Corp.*, 49 B.R. 854 (Bkrptcy.D.N.M.1985); *In Re Professional Sales Corp.*, 48 B.R. 651 (Bkrptcy.N.D.Ill.1985); King, "Jurisdiction and Procedure Under the Bankruptcy Amendments of 1984," 38 *Vanderbuilt L.Rev.* 675, 703, n. 79 (May, 1985). The bankruptcy code now allows for a jury trial only in personal injury or wrongful death claims. 28 U.S.C. § 1411.[3] Thus the defendants do not have a statutory right to a jury trial. The remaining question is whether the absence of this right violates the defendants' Seventh Amendment rights.

The Supreme Court has held that where the statutorily created equitable jurisdiction of the bankruptcy courts is invoked, there is no right to a jury trial. *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). The court rejected the petitioner's objection that the bankruptcy code so interpreted violated his seventh amendment rights, observing that bankruptcy proceedings are inherently equitable, therefore not giving rise to the

---

1. Pub.L.No. 98–353, 98 Stat. 333, codified in scattered sections of 11 U.S.C. and 28 U.S.C.

2. *See, In Re McLouth Steel Corp.*, 55 B.R. 357 (E.D.Mich.1985).

3. This section has only prospective application.

right of jury trial. *Katchen,* 382 U.S. at 336–338, 86 S.Ct. at 476–477. The court also noted that "if applicable at all," the seventh amendment doctrine set forth in *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1958) and *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1961), favoring jury trials except in the most imperative circumstances where legal and equitable issues are mixed, would not call for a different result.

In neither *Beacon Theatre* nor *Dairy Queen* was there involved a specific statutory scheme contemplating prompt trial of a disputed claim without intervention by a jury. We think Congress intended the trustee's § 57, sub. g objection to be summarily determined; and to say that because the trustee could bring an independent suit against the creditor to recover his voidable preference, he is not entitled to have his statutory objection to the claim tried in the bankruptcy court in the normal manner is to dismember a scheme which Congress has prescribed.

*Katchen,* 382 U.S. at 339, 86 S.Ct. at 478. Thus the last time the Supreme Court addressed the issue, there was not a constitutional right to a jury trial where the bankruptcy proceeding invoked the equitable jurisdiction of that court.

Under the B.A.F.J.A., bankruptcy courts have the power to hear and finally determine "core proceedings." 28 U.S.C. § 157. A nonexclusive list of core proceedings includes actions to recover preferential and fraudulent conveyances, the claims at issue in this appeal. 28 U.S.C. §§ 157(b)(2)(F) and (H). Core proceedings have been held to be equitable in nature, analogous to the equitable summary jurisdiction exercised by bankruptcy courts prior to 1978. *In Re: American Energy,* 50 B.R. 175 (Bkrptcy.D. N.D.1985); *In Re Lee,* 50 B.R. 683 (Bkrptcy.D.Md.1985); *Matter of Baldwin-United Corp.,* 48 B.R. 49 (Bkrptcy.D.Ohio 1985). The core proceedings at issue in this appeal invoke the equitable jurisdiction granted bankruptcy courts by Congress in the B.A.F.J.A., thus bringing this appeal within the scope of the Supreme Court's

holding in *Katchen* that where the equitable jurisdiction of the bankruptcy court is invoked, there is no seventh amendment right to a jury trial.

In the appeal now before this court, it is clear that the claims at issue are core proceedings and thus fall within the equitable jurisdiction of the bankruptcy court, hence the defendants have neither a statutory nor a constitutional right to a jury trial as to the counts of plaintiff's complaint that are before this court. Accordingly, the decision of the bankruptcy court is AFFIRMED.

IT IS SO ORDERED.