**In re Alvin Dale OWENS and Wilma Sharon Owens, Debtors.**

**Alvin Dale OWENS and Wilma Sharon Owens, Plaintiffs,**

**v.**

**FIRST NATIONAL BANK OF MALDEN, MISSOURI, Defendant.**

**Bankruptcy No. 85–00414(SE). Adv. No. 86–0031(SE).**

United States Bankruptcy Court, E.D. Missouri, Southeastern Division.

Sept. 17, 1986.

H. Mark Preyer, Kennett, Mo., for debtors/plaintiffs.

John T. Welch, Poplar Bluff, Mo., for defendant.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### INTRODUCTION

On November 25, 1985, Debtors filed their joint voluntary Chapter 7 petition. On May 9, 1986, Debtors filed their Complaint against Defendant, First National Bank of Malden, Missouri (the "Bank") to avoid and recover an alleged preferential transfer of $850.00. On June 6, 1986, the Bank filed its Answer, denying liability and claiming its entitlement to the $850.00 as a setoff. After a pretrial conference on June 24, 1986, the parties agreed to submit the matter to the Court upon a stipulation and briefs. Based upon the stipulation and briefs of the parties and for the reasons set forth below, the Court will this date enter an order dismissing Debtors' Complaint with prejudice.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(F), which the Court may hear and determine.

### DISCUSSION

Under Section 547(b)(5) of the Bankruptcy Code, the transfer of an interest of the debtor in property may be avoided only if the transfer enables the creditor "to receive more than such creditor would receive if (A) the case were a case under Chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title." Section 553 of the Bankruptcy Code, however, preserves the creditor's right to setoff and if the entire transfer is subject to setoff, section 547(b)(5) is *not* satisfied and there is no avoidable preference.

In the case at bar, the only question before the Court is the Bank's right to setoff. Under Missouri law a bank "may look to deposits in its hands for repayment of any indebtedness to it on the part of the depositor ..." *Adelstein v. Jefferson Bank and Trust Co.*, 377 S.W.2d 247, 251 (Mo.1964). Debtors neither contest this general right nor hinge their door to recovery on any of the exceptions to the right of setoff found in section 553. Instead, they request that the Bank's setoff be disallowed on equitable grounds. According to Debtors' brief

"In the case at bar, First National Bank knew that Debtors/Plaintiffs were delinquent in their loan payment by several months and were in obvious financial difficulty. In fact, First National Bank knew Debtors/Plaintiffs were contemplating bankruptcy. First National Bank also knew it was owed a balance of approximately $900.00 on an *unsecured* loan. First National Bank had to have been well aware, through its past banking business with, and prior loan applications of Debtors/Plaintiffs that they were burdened with large amounts of unsecured debt and that such debt was incurred in 1983 and 1984, *well before* the loan was made by First National Bank.

Thus, when faced with the actual knowledge that Debtors/Plaintiffs would be filing bankruptcy and that because of the amount of unsecured debts with which the Bank would be classified, First National Bank lay couched in the background, waiting for Debtors/Plaintiffs to deposit funds sufficient to pay off the unsecured loan. Then, just as First National Bank hoped, Debtors/Plaintiffs unsuspectingly and naively deposited funds which were, immediately and without warning, literally ambushed by First National. This was done without regard to the fact Debtors/Plaintiffs had written checks to pay for the necessities of life for themselves and their two minor children which were returned marked 'insufficient funds'; without regard to the fact that Debtors/Plaintiffs could and would

properly claim the money as exempt so as to have something upon which to re-build and rehabilitate themselves; and without regard to the fact that if not exempt, the other unsecured Creditors would be entitled to share in a distribution of the funds." (Citations to stipulations omitted).

Even taking Debtors' characterization of the Bank's behavior at face value, the Bank did nothing it was not entitled to do under the laws of the State of Missouri or section 553 of the Bankruptcy Code. Debtors' suggestion to the contrary based on *Matter of Multiponics, Inc.*, 622 F.2d 725 (5th Cir.1980), rests on a misunderstanding of that case. In *Multiponics*, the court applied the principle that "deposits procured for the purpose of effecting a setoff destroy the right of setoff and are considered voidable preferential transfers." *Id.* at 730. While this principle is incorporated in section 553(a)(3), it does not apply to the instant proceeding because on Debtors' own characterization the Bank simply "lay couched in the background, waiting for Debtors/Plaintiffs to deposit funds sufficient to pay off the unsecured loan." Debtors naivete, while the Bank's good fortune, does not negate the validity of the Bank's right to setoff. Debtors' Complaint, therefore, is without merit and must be dismissed.

An Order consistent with this Opinion will be entered this date.