**In re Kenneth E. TUREAUD, a/k/a Kenneth E. Tureaud, d/b/a Saket Petroleum Company, a/k/a Kenneth E. Tureaud, d/b/a Kesat, a/k/a Saket Petroleum Company, a/k/a Kenneth E. Tureaud, d/b/a Saket Development Company, d/b/a Linda Vista Corporation, d/b/a Saket Development Corporation, a New Mexico corporation, a/k/a Deer Park, Inc., d/b/a Saket Realty, Inc., d/b/a Southern Lakes Development Corporation, d/b/a River Ridge Development Corporation, Debtor.**

**R. Dobie LANGENKAMP, Trustee, Plaintiff,**

**v.**

**ANTIQUES, INC., an Oklahoma corporation; Dean Kruse d/b/a Itt Kruse International, and Richard "Ricky" Klein, a/k/a Ritchie Clyne, Defendants.**

**Bankruptcy No. 82–01269.**
**Adv. No. 85–0148.**

United States Bankruptcy Court,
N.D. Oklahoma.

March 3, 1987.

Sam G. Bratton II, for plaintiff/trustee.

Curtis L. Craig, for defendant/Richard Clyne.

John B. Jarboe, for defendant/Antiques, Inc.

Patrick J. Malloy III, for defendant/Dean Kruse.

## ORDER DENYING APPLICATION FOR SETTING OF JURY TRIAL

MICKEY D. WILSON, Bankruptcy Judge.

Plaintiff, Trustee in the above-styled case under 11 U.S.C. Chapter 11, brought this adversary proceeding in Bankruptcy Court against parties alleged to have perpetrated a controlled auction of property of the Chapter 11 estate. The Trustee asserted three causes of action: (1) avoidance of the sale and/or recovery of damages under 11 U.S.C. § 363(n); (2) breach of contract for sale by auction; and (3) mock auction and fraud by auctioneer under 21 O.S.A. §§ 1506, 1507.

Defendants requested jury trial upon all three causes. At hearing on February 13, 1987, the Court ruled on defendants' re-

quest, written order being filed on February 27, 1987. The Court determined that the first cause of action under 11 U.S.C. § 363(n) was a core proceeding, as to which defendants' request for jury trial was denied, while the second and third causes of action, under the circumstances, were treated as non-core proceedings, as to which defendants' request for jury trial was granted. The Court set the core proceeding for non-jury trial on April 20, 1987, but reserved the non-core proceedings "to be set by application of the Defendants herein."

On February 23, 1987, defendant Richard Klein a/k/a Ritchie Clyne ("Clyne") filed his "Application for Setting of Jury Trial," which now comes on for consideration.

Clyne moves that the non-core proceedings, upon which defendants were granted trial by jury, be set "at the earliest convenience of the Court *prior to* April 20, 1987" (emphasis added), asserting that "[p]ursuant to the Supreme Court decision in *Beacon Theaters, Inc., v. Westover*, 359 U.S. 500, 79 [S.Ct.] 948, 3 L.Ed.2d 998 (1959) and *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962), that where both legal and equitable issues are presented in the same case, that the legal claims shall be tried first by jury in order to avoid depriving the party of a determination by a jury on common issues," Clyne's applic. p. 2.

If Clyne is correct, the Bankruptcy Court and its Trustee cannot attempt to police an essential aspect of bankruptcy administration, namely the sale of estate property for the benefit of estate creditors, except by the cumbrous procedure of trial by jury, whose delay and expense must be borne by the estate and its creditors (apart from the cumulative effect which numerous jury trials in various cases would have on bankruptcy administration generally). To the extent that a jury trial is absolutely required by statute or Constitution, such requirement cannot be dispensed with because of mere expediency. But there is no statutory requirement for jury trials in bankruptcy. Nor does the Seventh Amendment of the U.S. Constitution provide an absolute right to jury trial. The Seventh Amendment preserves the right to jury trial as it existed at common law, where it was not an absolute right, but a "right" qualified by the usages of equity. In that sense, the Seventh Amendment constitutionalizes not only the legal right to have a jury trial, but the equitable right to dispense with jury trial in appropriate circumstances. "The right to have equity controversies dealt with by equitable methods is as sacred as the right of trial by jury," 27 AM.JUR.2D "Equity" § 6 p. 525; see generally 27 AM.JUR.2D, supra, §§ 5–6, 9–10, 19–51, 86–117; 47 AM.JUR.2D "Jury" §§ 31–38. The present inquiry concerns only whether, or to what extent, the jury right must override certain other rights.

In *Beacon Theatres, Inc. v. Westover*, supra, a U.S. District Court scheduled non-jury trial on a complaint for declaratory and injunctive relief before jury trial on counter- and cross-claims alleging antitrust violations. Complaint, counter- and cross-claims shared common issues, so that non-jury determination of the complaint might "operate either by way of res judicata or collateral estoppel so as to conclude both parties with respect thereto at the subsequent trial" by jury of the counter- and cross-claims, 359 U.S. at 504, 79 S.Ct. at 953, citing 252 F.2d 864 at 874. The District Court ruled that it might, in its discretion, schedule the non-jury trial first, precisely because of its preclusive effect, and by analogy with traditional equity practice: if the complaint had been filed in a court of equity, and then the counter- and cross-claims had been filed as separate actions in a court of law, the court of equity would have had power to enjoin the later legal proceedings, to enable the prior equitable proceedings to continue and "to allow the whole dispute to be determined in one case in one court," 359 U.S. at 505, 79 S.Ct. at 953. The U.S. Supreme Court reversed. Justice Black, for the majority, noted that the "equitable" complaint might be given precedence over the "legal" counter- and cross-claims only upon a showing of "irreparable harm and inadequacy of legal reme-

dies," 359 U.S. at 506–507, 79 S.Ct. at 954. In the case before the Court, a multiplicity of actions might constitute "irreparable harm and inadequacy of legal remedies;" but given the joinder of law and equity in a single U.S. District Court, this harm might be avoided by a preclusive trial by jury as well as by a preclusive trial without jury, and such remedy would better comport with the Seventh Amendment's guarantee.

... In this way the issue between these parties could be settled in one suit giving Beacon a full jury trial of every antitrust issue ... By contrast, the holding of the court below ... would compel Beacon to split his antitrust case, trying part to a judge and part to a jury. Such a result ... is not permissible.

\* \* \* \* \* \*

If there should be cases where ... joinder in one suit of legal and equitable causes would not in all respects protect the plaintiff seeking equitable relief from irreparable harm while affording a jury trial in the legal cause, the trial court will necessarily have to use its discretion in deciding whether the legal or equitable cause should be tried first,

359 U.S. at 508, 510, 79 S.Ct. at 955, 956. Given sufficiently "imperative circumstances ... the right to a jury trial of legal issues" might "be lost through prior determination of equitable claims," 359 U.S. at 511, 79 S.Ct. at 957. In the case before the Court, given the complete joinder of law and equity in the District Court, circumstances were not "imperative" enough to justify equitable pre-emption of trial by jury.

In *Dairy Queen, Inc. v. Wood*, supra, the main issue was whether a District Court had properly classified an action as "legal" or "equitable." The prior holding in *Beacon Theatres, Inc. v. Westover*, supra, was re-emphasized, but was not modified or extended in any significant way. For present purposes, reference may be made to *Beacon Theatres* alone.

*Beacon Theatres* is distinguishable from the matter now before this Court. The "equitable" or core proceeding can be final-ly determined by this Court sitting without a jury; but the non-core or "legal" proceedings cannot be finally determined by this Court, with or without a jury, absent consent of the parties which has not been given, 28 U.S.C. § 157(c)(1), (2). The *Beacon Theatres* doctrine presupposed the complete fusion of law and equity in one District Court, enabling the entire controversy to be disposed of "in one case before one court." The core/non-core dichotomy under which this Court labors is comparable to an incomplete fusion of law and equity, inhibiting disposition of all parts of this controversy "in one case before one court," and undermining the basis of the *Beacon Theatres* doctrine as applicable here.

The core/non-core separation might be melded by consent of all parties to final disposition of the non-core matters by this Court—or by withdrawal of reference of both core and non-core matters under 11 U.S.C. § 157(d), for trial before a District Judge. In either instance, the *Beacon Theatres* doctrine (interpreted, for the moment, without reference to later cases) would then apply. But even then, the Bankruptcy Judge, or a District Judge sitting as a Court of Bankruptcy, would still have to determine whether circumstances were sufficiently "imperative" to permit trial of the non-jury cause under 11 U.S.C. § 363(n) before the other causes. Few civil matters are as "imperative" as bankruptcy, representing as it does a degree of financial collapse enforcing stringent economy of administration to preserve as much of the estate's assets as possible for distribution to creditors.

Be that as it may, the *Beacon Theatres* doctrine must be interpreted with reference to later cases. Clyne does not cite *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), in which the applicability and operation of *Beacon Theatres* and *Dairy Queen* in a bankruptcy context was severely limited.

In *Katchen v. Landy*, supra, it was argued that a bankruptcy court's summary (non-jury) proceedings in determination of a

creditor's claim effectively denied the creditor's asserted right to jury trial in a plenary action by the Trustee to recover a preferential transfer. Justice White, for the majority, noted that the extent of the bankruptcy court's summary jurisdiction was determined "after due consideration of the structure and purpose of the Bankruptcy Act as a whole;" that "Congress ... gave 'special attention to the subject of making [the bankruptcy laws] inexpensive in [their] administration;'" that the Supreme "Court has long recognized that a chief purpose of the bankruptcy laws is 'to secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited period,' ... and that provision for summary disposition, 'without regard to usual modes of trial attended by some necessary delay,' is one of the means chosen by Congress to effectuate that purpose," *Katchen v. Landy,* supra, at 328–329, 86 S.Ct. at 471–472. It followed that no statutory right to jury trial existed in proceedings for determination of claims against the estate under § 57(g) of the former Bankruptcy Act.

Petitioner contends, however, that this reading of the statute violates his Seventh Amendment right to a jury trial. But although petitioner might be entitled to a jury trial on the issue of preference if he presented no claim in the bankruptcy proceeding ... when the same issue arises as part of the process of allowance and disallowance of claims, it is triable in equity,

382 U.S. at 336, 86 S.Ct. at 476. The reason was that

> ... the proceedings of bankruptcy courts are inherently proceedings in equity ... As this Court has previously said in answering the argument that disputed claims must be tried before a jury:
>
> "But those who use this argument lose sight of the fundamental principle that the right of trial by jury, considered as an absolute right, does not extend to cases of equity jurisdiction. If it be conceded or clearly shown that a case belongs to this class, the trial of

questions involved in it belongs to the court itself ...

> "So, in cases of bankruptcy, many incidental questions arise in the course of administering the bankrupt estate, which would ordinarily be pure cases at law, and in respect of their facts triable by jury, but, as belonging to the bankruptcy proceedings, they become cases over which the bankruptcy court, which acts as a court of equity, exercises exclusive control. Thus a claim of debt or damages against the bankrupt is investigated by chancery methods."

[citations omitted]

And of course it makes no difference, so far as petitioner's Seventh Amendment claim is concerned, whether the bankruptcy trustee urges only a § 57g objection or also seeks affirmative relief. In practical effect, the denial of a jury trial would be no less were the bankruptcy court merely to determine the existence and amount of the preference, since that determination would be entitled to *res judicata* effect in any subsequent plenary action. And we have held that equity courts have power to decree complete relief and for that purpose may accord what would otherwise be legal remedies [citations omitted] ...

Petitioner's final reliance is on the doctrine of *Beacon Theatres v. Westover* ... and *Dairy Queen v. Wood* ... that "where both legal and equitable issues are presented in a single case, 'only under the most imperative circumstances ... can the right to a jury trial of legal issues be lost through prior determination of equitable claims.'" 369 U.S., at 472–473, 82 S.Ct., at 896–897.

The argument here is that the same issues ... may be presented either as equitable issues in the bankruptcy court or as legal issues in a plenary suit and that the bankruptcy court should stay its own proceedings and direct the bankruptcy trustee to commence a plenary suit so as to preserve petitioner's right to a jury trial. Unquestionably the bankruptcy court would have power to give such an

instruction to the trustee [citations omitted] ... Nevertheless we think this argument must be rejected.

At the outset, we note that the *Dairy Queen* doctrine, if applicable at all, is applicable whether or not the trustee seeks affirmative relief. For, as we have said, determination of the preference issues in the equitable proceeding would in any case render unnecessary a trial in the plenary action because of the *res judicata* effect to which that determination would be entitled. Thus petitioner's argument would require that in every case where a § 57g objection is interposed and a jury trial is demanded the proceedings on allowance of claims must be suspended and a plenary suit initiated, with all the delay and expense that course would entail. Such a result is not consistent with the equitable purposes of the Bankruptcy Act nor with the rule of *Beacon Theatres* and *Dairy Queen,* which is itself an equitable doctrine, *Beacon Theatres v. Westover,* 359 U.S., at 509–510, 79 S.Ct. at 955–956. In neither *Beacon Theatres* nor *Dairy Queen* was there involved a specific statutory scheme contemplating the prompt trial of a disputed claim without the intervention of a jury. We think Congress intended the trustee's § 57g objection to be summarily determined; and to say that because the trustee could bring an independent suit against the creditor to recover his voidable preference, he is not entitled to have his statutory objection to the claim tried in the bankruptcy court in a normal manner is to dismember a scheme which Congress has prescribed ... Both *Beacon Theatres* and *Dairy Queen* recognize that there might be situations in which the Court could proceed to resolve the equitable claim first even though the results might be dispositive of the issues involved in the legal claim. To implement Congressional intent, we think it essential to hold that the bankruptcy court may summarily adjudicate the § 57g objection ...

382 U.S. at 336–340, 86 S.Ct. at 476–478.

The precise "scheme" of Bankruptcy and District Court operations in effect when *Katchen v. Landy* was decided, no longer exists. The matter now before this Court is not an objection to a claim of a creditor who had received a preferential transfer, but is a request for affirmative relief by the Trustee against allegedly wrongdoing agents of the Trustee. Nevertheless, the analysis of *Katchen v. Landy* fits the present matter so comfortably that it may be paraphrased according to the facts of the present situation.

Determination of the present analogue of bankruptcy summary jurisdiction must be determined after due consideration of the structure and purpose of the Bankruptcy Code as a whole. The convoluted history of the Bankruptcy Courts after 1978 clearly demonstrates (if it clearly demonstrates anything) that both Congress and the Supreme Court are as cognizant as ever of the need to keep bankruptcy administration as streamlined as practicable within Constitutional limits. In the tradition of the former Bankruptcy Act, and of the 1978 Bankruptcy Code, the present Bankruptcy Amendments and Federal Judgeship Act of 1984 ("BAFJA") omits any statutory requirement for jury trial in bankruptcy proceedings, with one possible exception not relevant here, 28 U.S.C. § 1411(a); 1 *Collier on Bankruptcy* (15th ed., 1986) ¶ 3.01[7][b]. Congress still insists that matters concerning estate administration, approval of sales of estate property, and liquidation of estate assets, be determined as core proceedings by Bankruptcy Courts, 28 U.S.C. § 157(b)(1), (2)(A), (N), (O). There is no suggestion that core proceedings are to be handled by other than chancery methods. Such equitable proceedings may effectively pre-empt legal proceedings. But Clyne's argument would require that in every case in which a Trustee seeks to police sales of estate property and a jury trial is demanded, the core proceeding under 11 U.S.C. § 363(n) must be suspended and a jury trial conducted on State laws concerning irregular auctions, before the Bankruptcy Court in an advisory capacity or after withdrawal of reference by the

District Court, with all the delay and expense that course would entail. Such a result is not consistent with the purpose of the Bankruptcy Code nor with the rule of *Beacon Theatres*, which is itself an equitable doctrine. Congress intended the trustee's cause under 11 U.S.C. § 363(n) to be determined by the Bankruptcy Court as a court of equity; and to say that because the Trustee happens to enjoy alternative remedies under State law as well, he is not entitled to have his primary remedy under Federal law tried in the Bankruptcy Court in a normal manner is to dismember a scheme which Congress has prescribed. Both *Beacon Theatres* and *Dairy Queen* recognize that there might be situations in which the Court could proceed to resolve the equitable claim first even though the results might be dispositive of the legal claim. To implement Congressional intent, it is essential to hold that the Bankruptcy Court may adjudicate core proceedings arising under Title 11, U.S.C. without interposition of a jury.

In short, the core proceeding herein will proceed to non-jury trial as scheduled; the non-core proceedings will be scheduled as soon as reasonably possible thereafter, insofar as any issues remain for determination by a jury; and nothing in *Beacon Theatres, Inc. v. Westover,* supra, or *Dairy Queen, Inc. v. Wood,* supra, as limited by *Katchen v. Landy,* supra, requires otherwise.

Accordingly, defendant Clyne's "Application For Setting of Jury Trial" must be, and the same is hereby, denied.

AND IT IS SO ORDERED.