MARSUDA-RODGERS INTERNATIONAL, PLAINTIFF *v.* UNITED STATES; ROBERT A. MOSBACHER, SECRETARY OF COMMERCE; AND U.S. INTERNATIONAL TRADE COMMISSION, DEFENDANTS, AND TIMKEN CO., DEFENDANT-INTERVENOR

Court No. 87–07–00772

(Decided October 24, 1989)

*Stein Shostak Shostak & O'Hara* (*Robert Glenn White*) for plaintiff.

*Stuart E. Schiffer,* Acting Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justuce (*Velta A. Melnbrencis*); of counsel: *James A. Toupin,* Assistant General Counsel, and *Phyllis N. Smithey,* Attorney, Office of the General Counsel, U.S. International Trade Commission, for defendants.

*Stewart and Stewart* (*Eugene L. Stewart, Terence P. Stewart, Charles A. St. Charles, James R. Cannon, Jr.* and *Geert De Prest*); of counsel: *Scott A. Scherff,* Senior Corporate Counsel, The Timken Company, for defendant-intervenor.

## MEMORANDUM OPINION AND ORDER

TSOUCALAS, *Judge:* The defendant United States International Trade Commission (Commission) moves, pursuant to Rules 1, 7(f), and 54(b) of the Rules of this Court, for revision of the remand order issued in this action on July 26, 1989, *Marsuda-Rodgers Int'l* v. *United States,* 13 CIT 622, slip op. 89–106, to add the certification required for an appeal of the order to the United States Court of Appeals for the Federal Circuit under 28 U.S.C. § 1292(d)(1) (1982 & Supp. V 1987).

In this action, the plaintiff Marsuda-Rodgers International, a United States importer of tapered roller bearings (TRBs) from Hungary, contested Commission's cumulation of imported TRBs from Hungary with those from Japan, Italy, the People's Republic of China (PRC), Romania and Yugoslavia. *See Tapered Roller Bearings and Parts Thereof, and Certain Housings Incorporating Tapered Rollers From Hungary, the People's Republic of China, and Romania,* Inv. Nos. 731–TA–341, 344, and 345 (Final), USITC Pub. 1983 (June 1987). Plaintiff contended that the Commission erroneously used the cumulation methodology because the low quality Hungarian TRBs do not compete with the high quality Japanese, Italian, and the domestic TRBs within the meaning of the cumulation statute, 19 U.S.C. § 1677(7)(C)(iv) (1984 & Supp. V 1987).

This Court, on July 26, 1989, rendered its decision, finding:

> that the Commission's decision to cumulate the low quality Hungarian TRBs with high quality Japanese and Italian TRBs is without substantial evidence, and is not in accordance with the law. Therefore, the Court reverses the Commission's cumulative analysis and remands to the Commission to cumulate only those dumped TRBs which satisfy the 'reasonable overlap' test. Since the unfairly traded Hungarian TRBs do not 'compete' with their domestic counterparts, the Commission is di-

rected to make traditional single country injury determination as to these imports. So ORDERED.

*Marsuda-Rodgers Int'l,* 13 CIT at 631, slip op. 89–106 at 20–21.

Defendant now moves for revision of this remand order to add the certification required for an immediate appeal to the United States Court of Appeals for the Federal Circuit (Federal Circuit) under 28 U.S.C. § 1292(d)(1), Rule 5(a) of the Rules of the Federal Circuit, and Rule 5(a) of the Federal Rules of Appellate Procedure.

28 U.S.C. § 1292(d)(1) states:

> (d)(1) When the chief judge of the Court of International Trade issues an order under the provisions of section 256(b) of this title, or when any judge of the Court of International Trade, in issuing any other interlocutory order, includes in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from such order, if application is made to that Court within ten days after the entry of such order.

Section 1292(d)(1) limits certification to those instances where a judge of the Court of International Trade believes "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." This necessarily calls for some predictions about the likely future course of the litigation. *See Katz* v. *Carte Blanche Corp.,* 496 F.2d 747, 755 (3rd Cir. 1974). The party seeking certification should come forward with something more than mere conjection in support of its claim that certification may save the court and the parties substantial time and expense. As stated in *Milbert* v. *Bison Laboratories, Inc.,* 260 F.2d 431, 433 (3rd Cir. 1958): "It is quite apparent from the legislative history of the act of September 2, 1958 that Congress intended that § 1292(b) should be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *See also Kraus* v. *Bd. of County Rd. Commissioners for the County of Kent,* 364 F.2d 919, 922 (6th Cir. 1966); *Cardwell* v. *Chesapeake & Ohio Railway Co.,* 504 F.2d 444 (6th Cir. 1974).

In examining the criteria of whether an immediate appeal may materially advance the ultimate termination of the litigation, this Court must assess the probability that its decision, of which an immediate appeal is sought, is in error as well as the extent to which additional time and expense may be saved by an interlocutory appeal. *Baxter Trevenol Laboratories,* v. *LeMay,* 514 F. Supp. 1156 (S.D. Ohio, W.D. 1981).

The remand order sought to be revised by the defendant Commission, which was issued on July 26, 1989, directed the Commission to make traditional single country injury determination as to the Hungarian imports. From July 26, 1989 until September 29, 1989, sixty-five days from the date this Court issued its remand order, the Commission did nothing to comply with said order. On September 29, 1989, the planintiff Marsuda-Rodgers International moved this Court to supplement its remand order to direct the Commission to submit to the Court Commission's determination as directed in *Marsuda-Rodgers Int'l* within twenty-one days of the date of the order. In the motion papers, plaintiff specifically alleges that the indeterminate delay, which was not anticipated by the plaintiff, is contrary to the speedy process Congress otherwise sought to provide for in antidumping matters and is prejudicial to the interest of all non-governmental parties to this action. [Plaintiff's] Motion to Supplement Remand Order at 1. Plaintiff further alleges that the plaintiff and the defendant-intervenor are actively engaged in two sequential administrative reviews of this matter initiated by the International Trade Administration of the United States Department of Commerce on July 28, 1988 (53 Fed. Reg. 28,423) and July 25, 1989 (54 Fed. Reg. 30,915), and that the costs to all parties necessitated by such reviews are clearly the type of enormous costs that result from extended procedural delays that Congress desired to see mitigated whenever possible. [Plaintiff's] Motion to Supplement Remand Order at 3. Thereafter, on October 5, 1989, some seventy-one days from the issuance of said order, the defendant Commission moved this Court for revision of the remand order to add the certification required to an appeal to the Federal Circuit.

As a matter of policy, interlocutory appeals should be reserved for exceptional cases, where such appeal may avoid protracted litigation; *the purpose is not to review the correctness of an interim ruling. See* 16 C. Wright, A. Miller, E. Cooper, & E. Gressman, Federal Practice & Procedure, § 3929 at 135 (1977) (emphasis added).

As for materially advancing the ultimate termination of this litigation, an interlocutory appeal is more likely to delay its conclusion. Under all of these circumstances, this Court declines to certify an interlocutory appeal under 28 U.S.C. § 1292(d)(1) and further orders that the parties to this action consult among themselves and establish a schedule for proceedings on remand and for submission of the determination on remand to this Court; and it is further

ORDERED that said schedule shall be filed with the Court by counsel for plaintiff in the form of an order which can be entered by this Court within twelve days of the Court's mailing of this order to the parties.