UNITED STATES, PLAINTIFF *v.* KINGSHEAD CORP., DEFENDANT

Court No. 82–08–01145

(Decided November 17, 1989).

*Stuart M. Gerson,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*A. David Lafer*) for plaintiff.

*Windels, Marx, Davies & Ives (Jonathon R. Moore)* for defendant.

DICARLO, *Judge:* Kingshead moves pursuant to 28 U.S.C. § 1292 (d)(1) for certification for interlocutory appeal. The Court finds that an interlocutory appeal will not materially advance the ultimate termination of the litigation and denies the motion.

BACKGROUND

In *United States* v. *Kingshead Corp.,* 13 CIT 660, Slip Op. 89–114 (August 7, 1989), this court granted the government's motion for partial summary judgment and denied the defendant's cross motion for a summary judgment. In that decision the Court held that a consent judgment between the government and Kingshead in *United States* v. *$10,500 and a Letter of Credit in the Amount of $15,492,* No. 78–672 (D.N.J. Jan. 25, 1979) did not bar the government's action against Kingshead for penalties under 19 U.S.C. § 1592. Kingshead moves pursuant to 28 U.S.C. § 1292(d)(1) for an order amending the earlier *Kingshead* decision to add the certification required for an interlocutory appeal to the Court of Appeals for the Federal Circuit.

DISCUSSION

Federal appellate jurisdiction generally arises only following a final judgment in the trial court. *Coopers & Lybrand* v. *Livesay,* 437 U.S. 463, 467 (1978) (*citing Catlin* v. *United States,* 324 U.S. 229, 233

(1945)). 28 U.S.C. § 1292(d)(1) creates a narrow exception to the final-judgment rule by providing that:

> When the chief judge of the Court of International Trade issues an order under the provisions of section 256(b) of this title, or when any judge of the Court of International Trade, in issuing any other interlocutory order, includes in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from such order, if application is made to that Court within ten days after the entry of such order.

Where a controlling question of law on which there is a substantial ground for difference of opinion is absent, or an interlocutory appeal will not materially advance the ultimate termination of litigation, the motion for certification must be denied. *Clark-Dietz & Assocs.* v. *Basic Constr. Co.*, 702 F.2d 67, 68–69 (5th Cir. 1983) (denying interlocutory appeal for lack of a controlling question of law); *Resnik* v. *American Dental Ass'n*, 95 F.R.D. 372, 379–80 (N.D. Ill. 1982) (denying certification for a lack of both necessary elements).

In deciding whether an interlocutory appeal would materially advance the ultimate termination of litigation, this Court must consider the extent to which time and expense will be saved by an interlocutory appeal if the order appealed is found to be in error. *Marsuda-Rogers Int'l* v. *United States*, 13 CIT 886, Slip Op. 89–150 (October 24, 1989) at 4 (*citing Baxter Travenol Laboratories, Inc.* v. *LeMay*, 514 F. Supp. 1156 (S.D. Ohio 1981)).

Kingshead asserts that the order it seeks to appeal "goes to the heart of the Defendant's defense." Memorandum Of Law In Support of Defendant's Motion For Certification To Pursue Interlocutory Appeal at 1. Defendant continues that "all of the material witnesses to the events which gave rise to the Section 592 violations alleged in the Complaint * * * are either dead or outside of the jurisdiction of the United States and cannot be compelled to testify." *Id.* at 1–2. As a result, Kingshead's position is now limited to challenging the government's proof. *Id.* at 2.

It is apparent to the Court that litigation of the remaining issues may be completed expeditiously. After the final judgment, Kingshead would be able to appeal the entire result in substantially the same time as had the certification been granted. If the Court's decision on the merits is reversed, the subsequent proceedings on this level will take no more time than the proceedings following a successful interlocutory appeal.

CONCLUSION

The Court finds that an interlocutory appeal will not materially advance the termination of litigation because of the speed with which this case can be decided on its merits. To that end, the Court will entertain a motion for expedited discovery and an accelerated trial schedule. Kingshead's motion for certification is denied.